IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| EUGENE SCALIA, SECRETARY OF LABOR, U.S. DEPARTMENT OF LABOR; | ) ) ) ) | |
| Plaintiff, | ) ) | Case No. 4:20-00070-CV-RK |
| v. | ) ) ) | |
| BRADLEY KILLEN, | ) | |
| Defendant. | | |

**CONSENT JUDGMENT**

Plaintiff having filed his complaint and Defendant having agreed to the entry of this Judgment without contest pursuant to an agreement between the parties. It is, therefore, upon motion of the Plaintiff, and for cause shown:

ORDERED that Defendant Bradley Killen ("Defendant"), and those persons in active concert or participation with Bradley Killen who receive actual notice of this Judgment, are hereby permanently enjoined and restrained from violating the provisions of §§ 15(a)(2), 15(a)(3), 15(a)(4), and 15(a)(5) of the Fair Labor Standards Act of 1938, as amended (29 U.S.C. § 201 et seq.) (hereinafter the "Fair Labor Standards Act"), in any of the following manners:

1. Defendant shall not, contrary to 29 U.S.C. §§ 206 and 215(a)(2), fail to pay their employees engaged in commerce or in the production of goods for commerce or employed in an enterprise engaged in commerce or in the production of goods for commerce, wages at rates not less than $7.25 an hour, or any rate subsequently made applicable by amendment to the Fair Labor Standards Act, absent the applicability of any exemptions allowed under the Fair Labor Standards Act;

2. Defendant shall not, contrary to 29 U.S.C. §§ 207 and 215(a)(2), employ any of their employees in commerce or in the production of goods for commerce, or in an enterprise engaged in commerce or in the production of goods for commerce, for workweeks longer than 40

hours without compensating such employee for his or her employment in excess of 40 hours per workweek at a rate not less than one and one-half times the regular rate at which he or she is employed, absent the applicability of any exemption allowed under the Fair Labor Standards Act;

3. Defendant shall not, contrary to 29 U.S.C. §§ 211(c) and 215(a)(5), fail to make, keep, and preserve adequate and accurate records of their employees, and of the wages, hours and other conditions, and practices of employment maintained by them, as prescribed by the regulations issued, and from time to time amended, pursuant to section 11(c) of the Fair Labor Standards Act (29 C.F.R. § 516). Defendant shall make such records available at all reasonable times to representatives of the Plaintiff upon request;

4. Defendant shall not, contrary to 29 U.S.C. §§ 212(c) and 215(a)(4), employ any oppressive child labor in commerce or in the production of goods for commerce or in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the Fair Labor Standards Act and the regulations promulgated pursuant thereto. Defendant further shall not, contrary to 29 U.S.C. §§ 212(d) and 215(a)(4), fail to maintain and obtain date of birth records for employees under the age of 19 as prescribed by the regulations issued, and from time to time amended, pursuant to section 12(d) of the Fair Labor Standards Act.

5. Defendant shall not, contrary to 29 U.S.C. §215(a)(3), discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to the Fair Labor Standards Act, or has testified or is about to testify in any such proceeding;

IT IS FURTHER ORDERED that Defendant shall immediately begin complying with all provisions of the Fair Labor Standards Act.

IT IS FURTHER ORDERED that, nothing in this Judgment affects the rights of any current or former employees with respect to any claimed violations of the Fair Labor Standards Act. Further, nothing in this Judgment precludes Plaintiff from enforcing violations of the Fair Labor Standards Act against Defendant that occurred at times or locations other than those identified in

this Judgment, and nothing in this Judgment shall prevent Defendants from asserting their defenses to such violations.

IT IS FURTHER ORDERED that each party shall bear their own costs, fees and other expenses incurred by such party in connection with any stage of this proceeding including, but not limited to, attorney's fees, costs and other expenses which may be available under the Equal Access to Justice Act, as amended.

**IT IS SO ORDERED.**

                                                s/ Roseann A. Ketchmark
                                  ROSEANN A. KETCHMARK, JUDGE
                                  UNITED STATES DISTRICT COURT

DATED: February 12, 2020